IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT, | |
| Plaintiff, | **8:20CV445** |
| vs. | |
| PATRICK COOPER; RANDALL, Judge; FRASER STRYKER; and MICHAEL COFFEY, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 and state-law invasion-of-privacy action against Patrick Cooper, a private attorney; Fraser Stryker, his employing law firm; Douglas County District Court Judge Michael Coffey; and Douglas County District Court Judge Gary Randall for $100 million. Plaintiff alleges that Cooper and his law firm recorded a telephone conversation with Plaintiff on October 10, 2020, related to settlement of a lawsuit in the Douglas County District Court. Plaintiff claims the recording was used in court before Judge Randall, who allowed the use of such recording without asking Plaintiff if he had any objections to use of the recording. (Filings 1, 9.) Plaintiff accuses Cooper and Fraser Stryker of violating 18 U.S.C. § 2511 (interception of wire, oral, or electronic communications prohibited).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Section 1983 Claims

Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting

*Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Plaintiff has alleged no facts suggesting that Defendants Cooper and Fraser Stryker performed acts delegated to them by the state; that they willfully participated in joint activity with the state; or the existence of a "pervasive entwinement" between the Defendants and the state. Because Plaintiff's Complaint lacks any allegations that these Defendants were acting under color of state law for purposes of section 1983, Plaintiff's section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted.

### B. Judges Randall & Coffey

A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by

3

allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, the basis of Plaintiff's claim against Judge Randall is his evidentiary ruling on the admissibility of a recorded telephone call in a state proceeding. Plaintiff apparently sues Judge Coffey for denying Plaintiff's application to proceed in forma pauperis in the District Court of Douglas County in another lawsuit against attorney Cooper and Fraser Stryker. These are all actions taken in the judges' judicial capacity while Plaintiff was dealing with them in such capacity. Accordingly, Defendants Coffey and Randall are immune from Plaintiff's claims in this lawsuit.

## C. Violation of Criminal Statute

Plaintiff complains that the Defendants have violated federal criminal law. A private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted). Therefore, to the extent Plaintiff seeks to have this court initiate a federal criminal prosecution, this court cannot do so.

4

**D. State-Law Claim**

Because Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the court need not discuss whether a plausible claim for relief for invasion of privacy is stated under Nebraska law. Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quotation omitted), and the court finds no reason to make an exception here.[1]

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted. Although Plaintiff does not request leave to amend his Complaint, such leave shall not be granted sua sponte because any such amendment would be futile due to Plaintiff's failure to state a claim upon which relief can be granted. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").

---

[1] In deciding whether to exercise supplemental jurisdiction, a court considers "factors such as judicial economy, convenience, fairness and comity." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (quoting *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006)).

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted;

2. Judgment shall be entered by separate document.

DATED this 22nd day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge